UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MIRA HOSPITALITY, LLC and | * | CIVIL ACTION NO.: 23-cv-2312 |
| ARJUN HOSPITALITY, LLC, | * | |
| individually and on behalf of | * | JUDGE: _____ |
| all others similarly situated | * | |
| | * | MAGISTRATE JUDGE: _____ |
| VERSUS | * | |
| | * | |
| REPUBLIC SERVICES, INC. and | * | |
| BFI WASTE SERVICES, LLC | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants BFI Waste Services, LLC ("BFI") and Republic Services, Inc. ("RSI") (collectively "Defendants") hereby remove this action filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, under the caption *Mira Hospitality, LLC and Arjun Hospitality, LLC, individually and on behalf of all others similarly situated v. Republic Services, Inc. and BFI Waster Services, LLC*, No. 2023-0001703, Division B, a copy of which is attached as Exhibit A[1], (the "Action"). This putative class action is removable because the aggregate amount in controversy exceeds $5,000,000, there are at least one hundred putative class members, and there is minimal diversity between the parties. *See* 28 U.S.C. § 1332(d).

**Procedural Background**

1.      Plaintiffs Mira Hospitality, LLC and Arjun Hospitality, LLC ("Plaintiffs") generally allege that Defendants[2] contracted with thousands of customers in Louisiana to provide waste disposal services for fixed rates and then subsequently increased the cost of services in

---

[1]     Pages 8 and 9 of Exhibit A are transposed, which is the way it was filed.
[2]     Plaintiffs allege that BFI is an alter ego of RSI (Petition, ¶ 14) and make allegations against both Defendants collectively throughout the Petition. (Petition, ¶ 19.)

ways that allegedly violated the terms of customers' contracts, thereby overcharging the customers. (Petition, ¶¶ 1-3.)

2. Plaintiffs purport to sue not only on behalf of themselves but also on behalf of a class of all entities and people in Louisiana who, among other things, are alleged to have signed a contract with Defendants providing that Defendants may increase the rates, and then eventually did pay rates that were higher than the rates in the original contracts. (Petition, ¶ 39.)

3. Plaintiffs' alleged causes of action are (1) Breach of Contract, (2) Breach of the Duty of Good Faith and Fair Dealing, and (3) Unjust Enrichment. (Petition, ¶¶ 51-67.)

4. Plaintiffs make no allegations specifying the amount in controversy.

5. Plaintiffs demand, among other things, damages including all allegedly unlawful rate increases and restitution. (Petition, ¶ 68.)

## Grounds for Removal

### I. This Court has jurisdiction over this putative class action under the Class Action Fairness Act of 2005.

6. The Class Action Fairness Act of 2005 ("CAFA") permits removal of putative class actions pending in state court when the proposed class has at least 100 members, any member of the alleged plaintiff class is a citizen of a state different from any defendant, and the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(b); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014). All three requirements are met in this case.

#### A. There are more than 100 proposed class members.

7. The proposed class has more than 100 members. Plaintiffs allege that there are "thousands of customers in Louisiana" in the proposed class. (Petition, ¶ 46.) This number of

putative class members satisfies the CAFA requirement of more than 100 proposed class members.

### B. There is minimum diversity among the parties.

8. A second requirement for CAFA jurisdiction is that "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A). This is called "minimum diversity" because it satisfied whenever *any* class member is diverse from *any* defendant.

9. For the purposes of a CAFA removal, an unincorporated association such as a limited liability company is deemed to be a citizen of the State "where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 n.2 (5th Cir. 2014).

10. Plaintiffs state that they are Louisiana limited liability companies with principal places of business in Hammond, Louisiana. (Petition, ¶¶ 11, 12.) Plaintiffs also assert that the proposed class is limited to entities and people who reside in Louisiana. (Petition, ¶ 39.) Additionally, attached as Exhibit B are certified records from the Louisiana Secretary of State demonstrating that Plaintiffs are Louisiana citizens. Thus, each Plaintiff is a Louisiana citizen for the purposes of CAFA removal.

11. RSI is a Delaware corporation with its principal place of business in Arizona. (Petition, ¶ 13.) Thus, it is not a Louisiana citizen for the purposes of CAFA removal, and the minimum diversity requirement is satisfied.

12. Additionally, BFI is a Delaware limited liability company with its principal place of business in Arizona. (Petition, ¶ 13.) Thus, it is not a Louisiana citizen for the purposes of CAFA removal, which also satisfies the minimum diversity requirement.

### C. The aggregate amount in controversy exceeds $5 million.

13. A Notice of Removal need only contain "a short and plain statement of the grounds for removal …" 28 U.S.C. § 1446(a). The Supreme Court has held that this means that for a CAFA removal, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 575 U.S. at 89.

14. Based on the available business records containing information about rate increases paid by the proposed Louisiana class members to BFI in excess of the original rates listed in a written contract, Defendants calculate that the aggregate amount in controversy is well in excess of $5,000,000. As explained by Dan Browne in the Declaration attached as Exhibit C, the business records for tens of thousands of BFI's Louisiana Commercial, Small Container customers who operated under a Customer Services Agreement show that those customers paid well over $5,000,000 in price increases in excess of the rates originally listed in the written contracts from January, 2020 through May, 2023. The rate increases would be even higher if one were to look earlier than January 1, 2020. Accordingly, the amount in controversy exceeds the jurisdictional threshold.

15. The true amount in controversy is even higher than the well over $5,000,000 in price increases because no value is included for the attorneys' fees sought (Petition, ¶ 68) or potentially at issue under contracts that provide for fee shifting. It also attaches no value to injunctive relief, which Plaintiffs specifically demand. (Petition, ¶¶ 50, 68.)

### D. None of the CAFA exceptions apply.

16. None of the CAFA exceptions that might prevent a removal apply here. For example, the Local Controversy Exception does not apply because, among other things, there is not a single defendant that is "a citizen of the State in which the action was originally filed." 28

U.S.C. § 1332(d)(4)(A)(i). And the Home-State Controversy Exception does not apply because "the primary defendants" are not "citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

## II.     All procedural requirements for removal have been satisfied.

17.     This removal is timely. Each defendant "shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2). RSI and BFI received the Petition via certified mail on June 5, 2023, as evidenced by the U.S.P.S. tracking information attached as Exhibit D. This Notice of Removal is filed within 30 days of June 5, 2023, so it is timely.

18.     Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, with this Notice of Removal attached as an Exhibit, is being filed with the 21st Judicial District Court for the Parish of Tangipahoa. *See* Notice of Filing of Notice of Removal, attached as Exhibit E.

19.     In compliance with 28 U.S.C. § 1441(a) and Local Rule 3.2, a copy of all process, pleadings, and orders from the state court action is attached as Exhibit F.

20.     In compliance with 28 U.S.C. § 1441(a), venue is proper because the Eastern District of Louisiana is the district court of the United States embracing the 21st Judicial District Court for the Parish of Tangipahoa.

21.     In compliance with 28 U.S.C. § 1441(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

22.     Pursuant to 28 U.S.C. § 1453(b), this Action may be removed by any defendant without the consent of all defendants. Having said that, the only two defendants in this lawsuit are RSI and BFI, and both join in this notice of removal.

**WHEREFORE**, Defendants Republic Services, Inc. and BFI Waste Services, LLC remove this Action to this Court as if it were originally commenced in this Court.

Respectfully submitted:

s/ Francis V. Liantonio, Jr.
Francis V. Liantonio, Jr. (La. #19282)
Frank.Liantonio@arlaw.com
Martin A. Stern (La. #17154)
martin.stern@arlaw.com
Jeffrey E. Richardson (La. #23273)
jeff.richardson@arlaw.com
Gerard J. Gaudet (La. #35139)
gerard.gaudet@arlaw.com
Erica P. Sensenbrenner (La. #38400)
erica.sensenbrenner@arlaw.com
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendants Republic Services, Inc. and BFI Waste Services, LLC*

**CERTIFICATE OF SERVICE**

In compliance with Local Rule 5.4, I hereby certify that on July 3, 2023, this Notice of Removal has been served on all parties contemporaneously with its filing with the Court, or within a reasonable period of time after the document has been filed with the Court, by sending it via email to Lawrence J. Centola, III at ljc@mbfirm.com.

s/ Francis V. Liantonio, Jr.